**Eddie Lee GRAYSON, Petitioner,**

v.

**Roy CASTRO, Respondent.**

No. 01–16829.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 16, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RYMER, THOMAS and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Eddie Lee Grayson, a California prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction and sentence for receiving an access card without consent, forgery, and second degree burglary. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo, *Patterson v. Gomez*, 223 F.3d 959, 962 (9th Cir.2000), and we affirm.

■ First, Grayson contends that he was prevented from presenting a defense, in violation of his rights under the Sixth

Amendment, when the trial court instructed the jury that "intent to defraud cannot be disproved by subsequent payments." Assuming *arguendo* that the trial court's instruction restricted Grayson's right to present a defense, his claim fails because the instruction, a correct statement of California law, was neither arbitrary nor disproportionate. *See Rock v. Arkansas*, 483 U.S. 44, 55–56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (holding that restrictions on a defendant's right to present a defense are acceptable so long as they are not "arbitrary or disproportionate").

■ Grayson also contends that the instruction reallocated the burden of proof. This claim is unpersuasive, as the jury instructions as a whole clearly placed the burden of proof on the prosecution. *See Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Next, Grayson contends that his trial counsel was ineffective for failing to investigate the validity of his prior convictions. He also claims that his appellate counsel was ineffective for not raising all potentially meritorious issues on appeal. He fails, however, to show that either counsel's performance fell below an objective standard of reasonableness, and that but for either counsel's alleged unprofessional errors, there is a reasonable probability that the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Grayson also contends that his sentence of 50 years to life under California's Three Strikes Law, Cal.Penal Code Ann. § 667 (West 1999), constitutes cruel and unusual punishment. This claim is foreclosed by the Supreme Court's decisions in *Lockyer v. Andrade*, —— U.S. ——, 123 S.Ct. 1166,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1174, 155 L.Ed.2d 144 (2003) (holding that a state court's decision to affirm petitioner's two consecutive 25–years–to–life terms under the Three Strikes Law was not contrary to, or an unreasonable application of, clearly established Federal law), and *Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (holding that petitioner's 25–years–to–life sentence under the Three Strikes Law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment).

Grayson next contends that the trial court should not have used his prior federal conviction for bank robbery to enhance his sentence under the Three Strikes Law. This is an issue of state law generally not cognizable on federal habeas review.[1] *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Finally, Grayson makes a claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, a claim of error under *Apprendi* cannot be raised on initial collateral review. *See United States v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002).

**AFFIRMED.[2]**

---

1. Regardless, Grayson's claim fails. Although a conviction for federal bank robbery in violation of 18 U.S.C. § 2113(a) is not per se proof of a serious felony conviction, *see People v. Jones,* 75 Cal.App.4th 616, 632, 89 Cal. Rptr.2d 485 (1999), in this case, the record reflects that Grayson pled guilty to bank robbery "by force, violence, and intimidation." Accordingly, his conviction for federal bank robbery is a serious felony that may be charged as a strike under California law. *See*

*People v. Guerrero,* 19 Cal.App.4th 401, 403–07, 23 Cal.Rptr.2d 803 (1993).

2. We decline to consider Grayson's claims that were not raised before the district court. *See Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994).

